IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANNA M. TUCKER,

    Plaintiff,

vs.

                                                      Case No. 04-1170-JTM

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.

**MEMORANDUM AND ORDER**

      Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act, which authorizes judicial review of a final agency decision. Plaintiff argues that the Administrative Law Judge (hereafter "ALJ") made two mistakes: 1) the ALJ derived an improper RFC because he did not properly consider the effect of Ms. Tucker's physical impairments on her ability to work; and 2) the ALJ improperly concluded that Ms. Tucker could return to past work because he conducted an improper credibility analysis. The Commissioner argues that there is substantial evidence on the record as a whole to determine that Ms. Tucker is not disabled. After review the parties' arguments, the court finds that reversal and remand is not warranted.

**I. BACKGROUND**

      Plaintiff Anna Tucker was 41 years old at the time of her hearing. R. 15. She has a high school equivalent education and clerical training. R. 15. She has previously worked as a plastic molds machine operator, a bartender/cook/waitress, an assembler, a warehouse/shipping person,

a housekeeper, and a groundskeeper. R. 15.

On August 29, 2002, Ms. Tucker filed applications for Disability Insurance Benefits and Supplemental Security Income payments. The claim was denied initially and on reconsideration. On April 9, 2003, plaintiff filed a Request for Hearing R. 14, 47. Five months later, on September 2, 2003, a hearing was held in front of Administrative Law Judge George M. Bock. R. 245-269. The ALJ issued an unfavorable decision on September 23, 2003. R. 11-23. On October 16, 2003, Ms. Tucker filed a Request for Review of Hearing Decision. R. 9. On April 8, 2004, the Appeals Council denied Ms. Tucker's request. R. 5. Ms. Tucker has exhausted all administrative remedies.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), "the finding of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Substantial evidence is more than a scintilla and is that evidence which a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401-02, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); Miller v. Chater, 99 F.3d 972 (1996); Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989); Kemp v. Bowen, 816 F.2d 1469, 1475 (10th Cir. 1987). Substantial evidence requires the presence of enough relevant evidence that a reasonable mind might consider the Secretary's decision adequately supported. Richardson, 402 U.S. at 401. The court must scrutinize the record and take into account whatever evidence fairly detracts from the evidence supporting the Secretary's findings. Nieto v. Heckler, 750 F.2d 59, 61 (10th Cir. 1984). An absence of substantial evidence will be found only where there is a conspicuous absence of credible choices and no contrary medical evidence. Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992). Evidence is insubstantial if

it is overwhelmingly contradicted by other evidence.  O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir.1994); Frey v. Bowen, 816 F.2d 508, 512 (10th Cir. 1987) (citations omitted).  The function of the district court is to determine whether there is evidence to support the decision of the Secretary and not to reweigh the evidence or try the issues de novo.  If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.

The Secretary employs a five step process in determining the existence of a disability, Bowen v. Yuckert, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), a process which ends at any point if the Secretary determines the claimant is disabled or not.  The steps, in order, require determinations of whether the claimant: 1) is currently engaged in substantial gainful activity; 2) has a medically severe impairment or combination of impairments; 3) has an impairment equivalent to one of a number of extremely severe impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1; and 4) is unable due to the impairment to perform past work; and 5) has the residual functional capacity to perform other work available in the national economy, considering age, education, and past work experience.  See Kemp v. Bowen, 816 F.2d 1469, 1474-75 (10th Cir. 1987).

An individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).  The burden is on the claimant to prove the existence of a disability that prevents him from engaging in his prior work for a continuous period of twelve months.  Trimiar, 966 F.2d at 1329.  If the claimant makes such a showing, the Secretary must show the claimant is able to do other work in

jobs present in the national economy.  Sorenson v. Bowen, 888 F.2d 706, 710 (10th Cir. 1989).

## III. ANALYSIS

In bringing this application, plaintiff alleges that the ALJ improperly considered the severity of Ms. Tucker's impairments in developing the RFC and that the ALJ did not conduct a proper credibility analysis in finding that the plaintiff could return to past relevant work. Although plaintiff raises several factual issues, her central argument rests on whether plaintiff's incontinence is sufficiently severe to find her disabled.

**A. Whether the ALJ Properly Considered the Effect of Ms. Tucker's Severe Physical Impairments in Deriving the RFC**

In formulating an RFC, SSR 96-8 requires that an ALJ:

1. Include a narrative discussion of how the evidence supports each conclusion, and cite specific medical facts and non-medical evidence;
2. Must assess an individual's ability to perform sustained work activities in a work setting on a regular and continuing basis; and
3. Describe the maximum amount of each activity the person can perform.

SSR 96-8.  In reviewing the record, the court finds that the ALJ completed the required steps under SSR 96-8.  The ALJ included a detailed discussion of plaintiff's testimony and the medical evidence to conclude that plaintiff had a severe impairment of a kidney deformity status/post surgical repair and urinary incontinence.  R. 16-17.

The ALJ found that claimant's RFC is limited to lifting or carrying up to 20 pounds occasionally and up to 10 pounds frequently, sitting up to 6 hours of an 8-hour day, and standing or walking up to 6 hours of an 8 hour day.  R. 20.  The ALJ also found that plaintiff should avoid concentrated exposure to fumes, dusts and airborne pollutants as a result of her asthma.  R. 20. Using these findings, the ALJ determined that plaintiff could do light exertional work. R. 20. The

ALJ found that plaintiff's daily activities showed a capacity for sitting, concentrating and using her hands. R. 20. The ALJ noted that no treating medical source recommended any vocational limits. R. 20. The ALJ specifically noted that the claimant experienced some urinary stress incontinence with lifting and should avoid airborne pollutants as a result of her mild respiratory disorder. R. 20. In discussing the severity of impairments, the ALJ made extensive findings as to why the severity of impairments was not supported by the record. See R. 18-23.

In arguing that the ALJ erred, plaintiff emphasizes her testimony that she needed to use the bathroom at least three times an hour. While both Ms. Tucker and her husband testified to this fact, the ALJ found that the objective medical evidence did not support the level of severity plaintiff claimed. R. 254, 263. In reviewing the record, the court finds that plaintiff's testimony is not supported by substantial evidence on the record as a whole. As early as February 2001, plaintiff reported urinary tract infections. R. 176. While she reported having infections "virtually since childhood," her doctor noted she was asymptomatic during her visit on June 2001. R. 172. Following surgery in July 2001, plaintiff said she had "no complaints" and the recovery was unremarkable. R. 171. In October 2001, her doctor noted that plaintiff was on antibiotics and she had no infections and was asymptomatic. R. 170. A year later in November 2002, plaintiff returned to Dr. Bass and reported off-and-on infections, which the doctor did not find credible. R. 169. In her final medical examination in January 2003, Dr. Bass reported that when plaintiff's bladder was filled to 200cc, she was fairly uncomfortable, but there was only a small amount of fluid that was not severe when she coughed. R. 167. The medical evidence does not contain testimony of the level of severity of which plaintiff complains. Even in her November 2002 visit, plaintiff only complained of off-and-on infections. R. 169. Her last visit

only showed a small amount of fluid leakage. R. 167. None of these records contain evidence that she had to go to the bathroom three or four times an hour. Under these circumstances, the ALJ could properly conclude that plaintiff's physical impairments were not severe.

Having upheld the ALJ's findings as to the severity of impairments, the court finds that substantial evidence on the record as a whole supports the ALJ's RFC determination.

**B. Whether the ALJ Conducted a Proper Credibility Analysis in Determining the Plaintiff Could Return to Past Relevant Work**

Generally, credibility determinations are the province of the ALJ, who is the individual optimally positioned to observe and assess witness credibility, and such determinations will not be upset when supported by substantial evidence. Nelson v. Commissioner of Social Security Admin., 252 F. Supp. 2d 1148, 1155 (D. Kan. 2003); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "The ALJ need not discuss every relevant factor in evaluating pain testimony." Bates v. Barnhart, 222 F. Supp. 2d 1252, 1260 (D. Kan. 2002) (citation omitted). In evaluating evidence of disabling pain, the court examines: 1) whether claimant proves with objective medical evidence an impairment that causes pain; 2) if so, whether a loose nexus exists between the impairment and the subjective complaints of pain; and 3) if so, whether the pain is disabling based upon all objective and subjective evidence. Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987). See Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). In the final step, the court considered the listed factors under SSR 96-7p including: 1) the individual's daily activities; 2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.  See Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988).  See also 20 C.F.R. §§ 404.1529 and 416.929.

  Far from merely paying lip service, the ALJ provided a detailed assessment of the objective medical evidence and subjective complaints of pain in determining plaintiff's credibility.  R. 18.  The ALJ specifically listed and reviewed several factors under SSR 96-7, including plaintiff's daily activities, lack of medications and treatment, and the reason plaintiff left her employment.  R. 19-20.  The ALJ noted that plaintiff engaged in a number of daily activities that suggest that she retains the stamina for full-time employment.  R. 19.  The ALJ also noted that plaintiff did not seek prescription pain medication and medical treatment despite her complaints of severe pain and urinary incontinence.  She had not visited the doctor for the nine months before her hearing.  R. 19.  She had not made frequent visits following her surgery.  R. 19.  The ALJ determined there was contradictory information on the record.  R. 19.  He noted that plaintiff said she had urinary incontinence since 1998 but only reported it to her physician in November 2002.  R. 19.  Furthermore, in her November 2002 examination, plaintiff told her physician she had the condition only for the twelve months prior.  R. 19.  The ALJ noted that plaintiff had also not reported the frequency of the problem to the degree she testified at the hearing.  R. 19-20.

  Plaintiff argues that the ALJ should have considered the fact that plaintiff lacked

insurance for treatment, that she only stated she was getting sick in 1998 and not necessarily that she had incontinence, and that her doctor only questioned her definition of infection. R. 260, 249, 167-169. Although these arguments provide a different characterization of the ALJ's assessment of the record, the court does not find that they undermine the ALJ's credibility determination. On the record as a whole, plaintiff reported much milder symptoms than at her hearing. Based on plaintiff's the lack of infection, plaintiff's failure to seek treatment for kidney pains prior to June 2001 and her failure to mention urinary incontinence until November 2002, among other factors, the ALJ could properly conclude that plaintiff was not credible and could return to past relevant work. R. 20. The court finds that substantial evidence on the record supports this conclusion.

      IT IS ACCORDINGLY ORDERED this 30th day of June 2005, that the court denies plaintiff's request to reverse and remand the final decision of the Commissioner (Dkt. No. 10).

                                          s/ J. Thomas Marten
                                          J. THOMAS MARTEN, JUDGE